# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30247
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

George Bennett,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CR-162-1

———————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

George Bennett was sentenced to concurrent terms of 121 months of imprisonment after being convicted by a jury of conspiracy to possess with intent to distribute one kilogram or more of heroin and fentanyl, distribution of heroin and fentanyl, and possession with intent to distribute heroin and fentanyl. On appeal, Bennett argues that there is insufficient evidence in

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

support of his conspiracy conviction.  Bennett contends that the evidence merely demonstrated a buyer-seller relationship which is insufficient by itself to support a conspiracy conviction and that there was no concerted action or joint venture with Roy Lee and Jarrin Gayden.

Because he did not challenge the existence of the conspiracy itself in a motion for a judgment of acquittal and instead challenged only the sufficiency of the evidence as to the drug quantity, we review this issue for plain error only.  *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  When reviewing the sufficiency of the evidence, "an error is clear or obvious only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  *Suarez*, 879 F.3d at 630-31 (internal quotation marks, brackets, and citation omitted).

"The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014).  "It is well settled that evidence of a buyer-seller relationship is not, by itself, sufficient to support a conviction for conspiracy."  *United States v. Jones*, 969 F.3d 192, 198 (5th Cir. 2020) (internal quotation marks and citation omitted).  However, the buyer-seller exception exists for the purpose of "prevent[ing] a single buy-sell agreement, which is necessarily reached in every commercial drug transaction, from automatically becoming a conspiracy to distribute drugs."  *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012).  Thus, while evidence of "a buyer-seller relationship, *without more*, will not prove a conspiracy, . . . [o]ne becomes a member of a drug conspiracy if he *knowingly participates in a plan to distribute drugs*, whether by

buying, selling or otherwise." *Id.* (internal quotation marks and citation omitted).

While Bennett contends that the record merely reflects a buyer-seller relationship between himself and Roy Lee, the evidence indicated "a strong level of trust and an ongoing, mutually dependent relationship" between Bennett and Lee that changed any buyer-seller relationship to a conspiracy to distribute heroin. *See Jones*, 969 F.3d at 198. In this case, the record reflects that Bennett was a heroin dealer, that he bought heroin from Lee in increasing amounts over a significant period of time, that Lee sold distributable amounts of heroin to lower-level dealers who would resell it to users, that Bennett mentored Gayden, and that, after he was arrested, Gayden sold to his customers and gave him a portion of the sales. Moreover, Lee fronted drugs to Bennett on multiple occasions which is "strong evidence of membership in a conspiracy because it indicates a strong level of trust and an ongoing, mutually dependent relationship." *Delgado*, 672 F.3d at 334 (internal quotation marks and citation omitted). In any event, the buyer-seller exception is not applicable in this instance as Bennett acknowledged that he engaged in numerous drug sales to users. *See United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021). Because the record is not so devoid of evidence pointing to guilt or that the evidence is so tenuous to an element of the offense that a conviction would be shocking, Bennett is unable to demonstrate clear or obvious error. *See Suarez*, 879 F.3d at 630-31.

Based on the foregoing, the judgment is AFFIRMED.